371 So.2d 1043 (1979)
Bruce Stanley TOBLER, Appellant,
v.
STATE of Florida, Appellee.
No. FF-438.
District Court of Appeal of Florida, First District.
February 1, 1979.
Rehearing Denied March 12, 1979.
*1044 Bruce Stanley Tobler, pro se, Michael J. Minerva, Public Defender, for appellant.
Robert L. Shevin, Atty. Gen., Wallace E. Allbritton, Asst. Atty. Gen., for appellee.
McCORD, Chief Judge.
This appeal is from conviction of appellant of three counts of burglary and two counts of grand larceny. [See Tobler v. State, 350 So.2d 555 (Fla. 1 DCA 1977).] We affirm the convictions but remand for reconsideration of the trial court's nonallowance of jail time credit in this case.
At trial, the State put into evidence a written confession given by appellant to a detective. Other evidence presented by the State corroborated this confession. Appellant presented no evidence at trial. During closing argument, appellant's attorney attacked the reliability of the confession and claimed that it was coerced. In rebuttal, the prosecutor remarked:
"There has been no evidence that what the defendant wrote here is not the truth... . The defense counsel says the defendant was coached, but not once did he say its not true, that it's a lie, that it's not his handwriting, that he didn't write it."
Appellant's counsel objected to those remarks claiming they were a comment upon appellant's right not to testify. The trial judge then remarked as follows:
"THE COURT: What do you want? I mean, I understand what you are saying, but what are you moving for?
MR. BETANCOURT: Your Honor, I want to record my objection.
THE COURT: Just as an objection?
MR. BETANCOURT: Yes, Your Honor, realizing what was said."
The court overruled the objection.
Appellant first argues that the above-mentioned prosecutorial comment in closing argument constitutes reversible error. Regardless of whether or not that comment does constitute error, appellant has failed to preserve his point for appeal. See Clark v. State, 363 So.2d 331 (Fla. 1978), in which the court ruled:
"When there is an improper comment, the defendant, if he is offended, has the obligation to object and to request a mistrial. If the defendant does not want a mistrial, he may waive his objection. The trial may then proceed, but he may not again raise that objection as a point on appeal. If the defendant fails to object or if, after having objected, he does not ask for a mistrial, his silence will be considered an implied waiver... ."
Two of the burglary convictions involved the alleged breaking and entering by appellant and three others of the grounds of a *1045 May-Cohen's warehouse and their further breaking and entering of a trailer parked on the grounds where they allegedly took $9,000 worth of merchandise. The breaking into the grounds was accomplished by cutting the lock off of the gate to a fence surrounding the warehouse and, after entering the grounds, the breaking into the trailer was accomplished by cutting the door off the trailer.
As to these two burglaries, appellant argues that entry into the mere curtilage of a business premises is not sufficient to constitute the offense of burglary of the structure located on those premises when entry is made only into a conveyance also located within the curtilage. Recognizing that the District Courts of Appeal of the Third and Fourth Districts have ruled otherwise, appellant urges this Court that such rulings were erroneous. See DeGeorge v. State, 358 So.2d 217 (Fla. 4 DCA 1978), and Greer v. State, 354 So.2d 952 (Fla. 3 DCA 1978). After considering appellant's arguments and the cases cited, we agree with the decisions of our sister courts. DeGeorge stated it succinctly as follows:
"[A] plain reading of 810.011(1), extends curtilage to that of a structure, including a building of any kind for the purposes of defining a burglary."
Within the foregoing point, appellant contends that even if the fenced area of May-Cohen's is a curtilage, the only offense of burglary was that committed when the curtilage was entered; that since the trailer was also a part of the curtilage, entry into the trailer would not constitute a separate burglary. We disagree. The two are separate breakings and enterings and, therefore, are two separate offenses. Appellant's forced entry into the fenced area was one burglary, and his later forced entry into the enclosed trailer parked within the fenced area was a second burglary.
As his final point, appellant contends that he is entitled to receive credit on the sentences imposed for 104 days he spent in the county jail. The trial judge directed that credit for those days was to be applied to appellant's sentence for violation of parole. There is nothing in the record, however, to show that credit was given to appellant on any sentence. This cause is, therefore, remanded for the purpose of determining on the record whether the 104 days credit to which appellant is entitled has been applied to any sentence imposed upon appellant and, if not, to give appellant such credit. Such may be done without returning appellant to court.
AFFIRMED but remanded for determination of jail time credit.
MILLS and ERVIN, JJ., concur.