636 So.2d 1342 (1994)
Thomas S. BAKER, Petitioner,
v.
STATE of Florida, Respondent.
No. 82539.
Supreme Court of Florida.
May 26, 1994.
Louis O. Frost, Jr., Public Defender and James T. Miller, Asst. Public Defender, Jacksonville, for petitioner.
Robert A. Butterworth, Atty. Gen., James W. Rogers, Bureau Chief and Marilyn McFadden, Asst. Atty. Gen., Tallahassee, for respondent.
McDONALD, Senior Justice.
We review Baker v. State, 622 So.2d 1333 (Fla. 1st DCA 1993), in which the district court certified the following question as being of great public importance:
IS PROOF OF A CRIMINAL MISCHIEF TO A DWELLING (A BROKEN WINDOW) COMMITTED WHILE ON *1343 THE CURTILAGE IN A STEALTHY MANNER A BURGLARY UNDER SECTION 810.02, FLORIDA STATUTES, GIVEN THE LEGISLATIVE INTENT OF SECTION 810.02 AND THE COMMON LAW OF BURGLARY COMMITTED ON THE CURTILAGE?
Id. at 1339. We have jurisdiction pursuant to article V, section 3(b)(4), of the Florida Constitution. We do not directly answer the question but hold that, under the facts presented, Baker was properly convicted of burglary.
On October 15, 1990, Thomas S. Baker entered the yard of a home belonging to Robert Wilson. The property involved is a private home, hidden from the road in front by trees and shrubs and separated from the neighbor's house by a six-foot privacy fence. A chain-link fence surrounds the backyard of the victim's residence. In addition to the fences, this area is secluded by shrubs. Baker removed a board from under a plastic tarp in the front yard and crept into the back yard. While hidden from view in the seclusion of the back yard, Baker removed a screen from a rear window and used the board to break a lower windowpane. An alarm sounded and Baker fled.
The victim's next-door neighbor heard the burglar alarm sound at Wilson's house. Within three or four seconds after hearing the alarm, she looked out a window and saw Baker come around the far side of the house riding a bicycle, continue around the front of the victim's home, and down the driveway to the street. Her 20-year-old daughter saw Baker emerge from the far side of the victim's home on a bicycle. Neither witness saw Baker jump the fence or enter the victim's house.
After hearing the burglar alarm and seeing Baker flee, the neighbor called the police to report the alarm and describe the person she saw hurrying away. The neighbor described the area where she had seen Baker as containing shrubbery and a small pathway. An officer was sent to investigate and stopped Baker within two or three minutes of receiving the dispatch describing the suspect. The officer returned Baker to the scene where the neighbor identified him as the man she had seen fleeing a few moments earlier. The officer noted that the lower panel of a window in the back of the victim's house had been smashed. Next to the broken window lay a window screen and a board with glass fragments. He found similar boards under a plastic tarp at the front of the house. He arrested Baker for burglary of a dwelling, in violation of section 810.02(1), Florida Statutes (1989).
The State charged Baker with burglary of a dwelling, specifically alleging that Baker unlawfully entered or remained in the victim's dwelling with the intent to commit an unspecified offense therein. The trial court gave the standard jury instructions that include within the definition of structure "the enclosed space of ground and outbuildings immediately surrounding that structure" and that intent could be inferred from stealthy entry. Fla.Std. Jury Instr. (Crim.) 135, 135-36. The jury convicted Baker as charged.
The First District Court of Appeal affirmed Baker's conviction and sentence. The court held that the trial court had correctly instructed the jury and that there was ample evidence of Baker's stealthy entry onto the curtilage which, by definition, was part of the dwelling. It certified the above question as being of great public importance.
It is well established that construction and interpretation of a statute are unnecessary when it is unambiguous. State v. Egan, 287 So.2d 1 (Fla. 1973). "Whether the law be expressed in general or limited terms, the Legislature should be held to mean what they [sic] have plainly expressed, and consequently no room is left for construction." Van Pelt v. Hilliard, 75 Fla. 792, 798-99, 78 So. 693, 695 (1918). The courts "are obliged to give effect to the language the Legislature has used." Cobb v. Maldonado, 451 So.2d 482, 483 (Fla. 4th DCA 1984). "Courts have then no power to set it aside or evade its operation... . If it has been passed improvidently the responsibility is with the Legislature and not with the courts." Van Pelt, 75 Fla. at 798, 78 So. at 695. The proper remedy for a harsh law will not be found through construction or interpretation; it rests only in amendment or repeal.
The legislature has defined "dwelling" such that the definition includes the curtilage. § 810.011(2), Fla. Stat. (1989). Where the legislature has used particular *1344 words to define a term, the courts do not have the authority to redefine it. State v. Graydon, 506 So.2d 393, 395 (Fla. 1987). Therefore, for the purposes of the burglary statute, it would not matter whether Baker was in Wilson's secluded back yard or back bedroom; in either circumstance, the courts must consider him to have been within Wilson's dwelling.
Citing to the dissent below, Baker argues that statutes in derogation of the common law should be strictly interpreted so as to displace the common law no farther than is necessary. Baker v. State, 622 So.2d 1333, 1338 (Fla. 1st DCA 1993) (Ervin, J., dissenting) (citing Carlile v. Game & Fresh Water Fish Comm'n, 354 So.2d 362 (Fla. 1977)). This argument is fallacious on three counts: first, as discussed above, interpretation is inappropriate in the absence of ambiguity; second, a strict and literal reading of the statute is what led to the result below; and third, the legislature has so thoroughly modified the burglary statute that the present statute must be said to completely abrogate and supersede the common law crime of burglary.
"The common law crime of burglary consisted of breaking and entering a dwelling house of another at night with the intent to commit a felony therein." State v. Hicks, 421 So.2d 510, 511 (Fla. 1982). There are five constituent elements of this common law crime: breaking; entering; dwelling house; night time; and felonious intent. "Breaking" and "night time" have been completely eliminated. The legislature added remaining on the property without invitation or license to the "entering" element. If the property involved is a conveyance, the burglar need neither enter nor remain if he takes apart any portion of the conveyance. § 810.011(3), Fla. Stat. (1989).[*] The burglar no longer need intend to commit a felony; the intention to commit any offense, even criminal mischief, is sufficient to satisfy this element of the present statutory crime.
Perhaps most dramatic is the extent to which the legislature has altered the common law "dwelling house" element. Although the fact that a structure is a "dwelling" enhances the penalty for burglary, the statutory proscription applies to any building of any kind and to any conveyance. § 810.02(1). The legislature added curtilage to the definitions of "structure" and "dwelling." There is no crime denominated burglary of a curtilage; the curtilage is not a separate location wherein a burglary can occur. Rather, it is an integral part of the structure or dwelling that it surrounds. Entry onto the curtilage is, for the purposes of the burglary statute, entry into the structure or dwelling. Baker entered Wilson's yard which was protected by a fence and shrubbery where the owner had an expectation of privacy. Even though he did not enter Wilson's house, he did enter Wilson's "dwelling."
Stealth is not an element of burglary. Stealthy entry, together with the absence of owner or occupant consent, is an evidentiary tool with which to establish prima facie proof of intent to commit an offense. § 810.07 Fla. Stat. (1989). Nonetheless, even with a stealthy entry, the jury must be convinced beyond a reasonable doubt and in light of all the surrounding facts and circumstances that the accused had a fully-formed, conscious intent to commit an offense. See Fla.Std. Jury Instr. (Crim.) 135. As with any other fact in a case, this intent may be established by circumstantial evidence. Id. Stealthy entry is simply one such circumstance.
The power to prohibit and criminalize certain acts is within the province of the legislature, not the courts. The burglary statute is clear and unambiguous, and this Court "may not modify it or shade it out of any consideration of policy or regard for untoward consequences." McDonald v. Roland, 65 So.2d 12, 14 (Fla. 1953). Baker has clearly and unambiguously done exactly that which the burglary statute prohibits. Accordingly, we approve the district court's decision affirming his conviction and sentence.
It is so ordered.
GRIMES, C.J., and OVERTON, SHAW, KOGAN and HARDING, JJ., concur.
NOTES
[*] The definition of "conveyance" includes the following provision: "`[T]o enter a conveyance' includes taking apart any portion of the conveyance." § 810.011(3), Fla. Stat. (1989).