707 So.2d 370 (1998)
Sterling HENRY, Appellant,
v.
STATE of Florida, Appellee.
No. 97-361.
District Court of Appeal of Florida, First District.
February 17, 1998.
Rehearing Granted April 7, 1998.
Nancy A. Daniels, Public Defender; Paula S. Saunders, Assistant Public Defender, Tallahassee, for Appellant.
Robert A. Butterworth, Attorney General; L. Michael Billmeier, Assistant Attorney General, Tallahassee, for Appellee.
BENTON, Judge.
Twice convicted of burglary of a structure, Sterling Henry contends on direct appeal that once was enough. The structure in question was one of five construction sheds or trailers fenced off from the world outside, but not from each other. In support of dual *371 convictions, the State argues: "By entering the trailer and the fenced area, Appellant entered at least two structures: the trailer and the curtilage of the other trailers." We reverse one of the convictions and remand so that the other conviction can be amended to conform to the jury's verdict.
Apprehended carrying a concrete cut-off saw near the construction site, Mr. Henry confessed to having taken the saw. To do so, he had to enter the fenced-in area in which five sheds or trailers stood in order to enter the trailer or shed that housed the saw. No evidence suggested that Mr. Henry entered either the fenced-in area or the trailer or shed more than once, or that he entered any trailer or shed other than the one from which he took the saw.

Fundamental Error Asserted
On appeal, the State argues preliminarily that we ought not reach the merits of appellant's contention that he was convicted twice for the same offense, citing Cowan v. State, 701 So.2d 353 (Fla. 1st DCA 1997), which held that the Criminal Appeal Reform Act of 1996, section 924.051, Florida Statutes (Supp. 1996), foreclosed appellate consideration of an unexplained departure from sentencing guidelines never brought to the trial court's attention. In pertinent part, the Criminal Appeal Reform Act of 1996 provides:
An appeal may not be taken from a judgment or order of a trial court unless a prejudicial error is alleged and is properly preserved or, if not properly preserved, would constitute fundamental error. A judgment or sentence may be reversed on appeal only when an appellate court determines after a review of the complete record that prejudicial error occurred and was properly preserved in the trial court or, if not properly preserved, would constitute fundamental error.
§ 924.051(3), Fla. Stat. (Supp.1996). Trial counsel did not preserve the double conviction issue, within the meaning of section 924.051(1)(b), Florida Statutes (Supp.1996). But the contention on appeal is that two convictions for one offense violate constitutional prohibitions against double jeopardy. Both the Florida Constitution, Art. I, § 9, Fla. Const., and the federal Double Jeopardy Clause, applicable by virtue of the Fourteenth Amendment, Benton v. Maryland, 395 U.S. 784, 89 S.Ct. 2056, 23 L.Ed.2d 707 (1969), forbid redundant convictions for the same offense.
A double jeopardy violation is fundamental error within the meaning of section 924.051(3), Florida Statutes (Supp.1996). See Austin v. State, 699 So.2d 314 (Fla. 1st DCA 1997). See also Novaton v. State, 634 So.2d 607 (Fla.1994).
[H]olding that a convict appealing denial of a motion filed under Florida Rule of Criminal Procedure 3.850 could raise a double jeopardy claim never previously presented, the court in State v. Johnson, 483 So.2d 420, 421 (Fla.1986) posed the question
Does a defendant waive his right to assert double jeopardy when he fails to raise it before the trial court at the time he is again placed in jeopardy?
The court answered this question "in the negative with the qualification that there may be limited circumstances when the assertion of the double jeopardy defense may be knowingly waived." Id. Here the record demonstrates no knowing waiver.
....
By itself silence does not demonstrate a free and knowing waiver of a double jeopardy claim either as to conviction or as to sentence. Arnold v. State, 578 So.2d 515 (Fla. 4th DCA 1991)(nolo plea without reservation did not waive right to challenge conviction, as well as sentence, on double jeopardy grounds), disapproved on other grounds, Novaton.

Brown v. State, 670 So.2d 965, 966-67 (Fla. 1st DCA 1995)(concurring opinion), disapproved on other grounds, State v. Craft, 685 So.2d 1292 (Fla.1996); Austin, 699 So.2d at 316(acknowledging "appl[icability of] the fundamental error rule announced in Johnson to both a defendant's convictions and sentences").

No Overlapping Curtilage
The information charged in count one that Mr. Henry "did unlawfully enter or remain in a structure, to-wit: a fenced in business premises or construction site ... with the *372 intent to commit ... [t]heft." The second count alleged that Mr. Henry "did unlawfully enter or remain in a structure, to-wit: a shed or trailer ... with the intent to commit ... [t]heft," in violation of section 810.02(3), Florida Statutes (1995).
"Structure" means a building of any kind, either temporary or permanent, which has a roof over it, together with the curtilage thereof.
§ 810.011(1), Fla. Stat. (1995). Section 810.011(1), Florida Statutes (1995), defines structure for purposes of the burglary statute in a way that excludes any unroofed area (whether or not fenced) unless the open area comprises the "curtilage" of a building.
Originally the term "curtilage" signified only the area immediately surrounding a dwelling house, including the "cluster of buildings ... in reasonably close proximity... which were used by the dweller." State v. Hamilton, 660 So.2d 1038, 1041 (Fla.1995). At common law, the term did not apply to places of business not appurtenant to a dwelling house:
And if the barn, stable or warehouse be parcel of the mansion-house, and within the same common fence, though not under the same roof or contiguous, a burglary may be committed therein; for the capital house protects and privileges all its branches and appurtenants, if within the curtilage or home stall.... But if I hire a shop, parcel of another man's house, and work or trade in it, but never lie there, it is no dwelling house; nor can burglary be committed therein: for by the lease it is severed from the rest of the house, and therefore is not the dwelling-house of him who occupies the other part; neither can I be said to dwell therein when I never he there.
4 William Blackstone, Commentaries *225-26. Because buildings within the curtilage were deemed part and parcel of the dwelling house, breaking and entering any one of them constituted burglary of the dwelling house. The same concept was incorporated in the statute Florida first enacted on the subject. Ch. 4405, Laws of Fla. (1895).
As far as we have been able to discover, one dwelling house's curtilage could not overlap another's at common law. Of interest in this connection is King v. Egginton, 2 Leach 913 (1801). There, with the intent to commit larceny in the night time, Egginton and confederates were accused of breaking and entering a counting house in a "center building." The men who used the counting house in their business lived in wings off either end of the center building, in two separate households. The center building was held not to be part of the curtilage of either household (in part, however, because of the business use for which it was let). See also Hamilton, 660 So.2d at 1042-44 (Fla.1995)(collecting definitions of "curtilage").

The Current Statute
Under section 810.02(3), Florida Statutes (1995), entering or remaining (without consent) in the curtilage with the intent to commit a crime in the curtilage, or the building which it surrounds, is a burglary of the structure, statutorily defined to consist of a "building ... together with the curtilage thereof." § 810.011(1), Fla. Stat. (1995). Just what constitutes the curtilage of a building that is not a dwelling is problematic. See Greer v. State, 354 So.2d 952, 953-54 (Fla. 3d DCA 1978)(Pearson, J., dissenting). A recent case teaches that
the curtilage is not a separate location wherein a burglary can occur. Rather, it is an integral part of the structure or dwelling that it surrounds. Entry onto the curtilage is, for the purposes of the burglary statute, entry into the structure or dwelling.
Baker v. State, 636 So.2d 1342, 1344 (Fla. 1994). In construing the modern day burglary statute, the Florida Supreme Court has "carr[ied] forward the common law requirement of some form of an enclosure in order for the area surrounding a residence to be considered part of the `curtilage.'" Hamilton, 660 So.2d at 1044. The "curtilage" (for purposes of Florida's burglary statute) of a structure that is not a residence must also presumably lie within "some form of an enclosure." See DeGeorge v. State, 358 So.2d 217 (Fla. 4th DCA 1978); Greer.
The unified statutory treatment of building and enclosed grounds that Baker *373 requires is inconsistent with any contention that two burglaries are committed by unconsented entry, first of the curtilage, then of the building which it surrounds, when the same criminal intent inspires a single intrusion into a "structure." Our supreme court has said:
[F]or the purposes of the burglary statute, it would not matter whether Baker was in Wilson's secluded back yard or back bedroom; in either circumstance, the courts must consider him to have been within Wilson's dwelling.
Baker, 636 So.2d at 1344. A burglar's movement inside a dwelling or other structure from one room to anotherfrom the "back bedroom" alluded to in Baker to, for example, the kitchen in the same housedoes not constitute a second burglary. Similarly, under the Baker rationale, movement from a structure's curtilage into the building the curtilage surrounds does not constitute a second burglary. The State has not argued otherwise.
The State does argue, however, that, in traversing the ground inside a fence encircling five sheds, including the shed from which he took the saw, Mr. Henry effected an unconsented entry onto the curtilage of each of the other four sheds, so committing other burglaries, within the meaning of the statute. (The evidence did not reveal Mr. Henry's exact route.) The decision in Tobler v. State, 371 So.2d 1043 (Fla. 1st DCA 1979), lends no support to the State's argument. The Tobler court held that conviction for burglary of a structurethe unconsented entry through a locked gate onto the grounds of a department store's warehousedid not preclude a second conviction for burglary of a conveyance parked on the warehouse's "curtilage." Here the State did not allege the burglary of a conveyance and did not prove entry of any shed or trailer other than the one from which the saw was taken.
Without purporting "to determine by this decision, the varied geographical arrangements which may constitute the `curtilage' of a `structure,'" DeGeorge, 358 So.2d at 220, we do hold that Hamilton and Baker, taken together, require the conclusion that land surrounding a building other than a dwelling house, although inside a fenced compound, cannot be the "curtilage" of a structure not fenced off ("by some form of enclosure") from other structures within the compound.
The State concedes that "the judgment and sentence should be corrected to show Appellant violated Section 810.02(4), Florida Statutes," which makes burglary of an unoccupied structure a third degree felony, not the second degree felony charged in each count of the information and erroneously recited in the judgment. We reverse the conviction and sentence on count one and remand for correction of the judgment entered on count two.
Reversed and remanded.
BARFIELD, C.J., concurs.
DAVIS, J., concurs in result only.