774 So.2d 777 (2000)
M.S., a juvenile, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D00-640.
District Court of Appeal of Florida, Third District.
December 13, 2000.
*778 Bennett H. Brummer, Public Defender, and Lisa Walsh, Assistant Public Defender, for appellant.
Robert A. Butterworth, Attorney General, and Michael J. Neimand, Assistant Attorney General, and Ana Cristina Lloyd, Certified Legal Intern, for appellee.
Before COPE, FLETCHER, and RAMIREZ, JJ.
FLETCHER, Judge.
M.S., a juvenile, appeals his adjudication of delinquency as well as his commitment. We affirm.
A neighbor observed M.S. and four others running out of a vacant condominium unit through the patio sliding glass door. The vacant unit had been broken into and the interior was newly damaged. The neighbor called the owner of the unit, who then called the police. M.S. was apprehended and charged as a delinquent with burglary of a dwelling and criminal mischief.
M.S. asserts that the trial court erred by denying his motion for judgment of acquittal on the burglary charge because there was no evidence of his entering with the intent to commit an offense in the unit, an element of burglary. See § 810.02(1), Fla. Stat. (1999).[1] M.S. asserts that at best the evidence supported no more than simple trespass.
We disagree. The eyewitness testimony that M.S. ran from the back exit of the apartment late at night, coupled with the owner's call to the police, clearly demonstrate that his entry was stealthy and lacked the owner's consent. Pursuant to section 810.07(1), Florida Statutes (1999),[2] this was prima facie evidence of his entering with the intent to commit an offense inside the unit. See Baker v. State, 636 So.2d 1342 (Fla.1994); Florida v. State, 522 So.2d 1039 (Fla. 4th DCA 1988). The State thus submitted competent substantial evidence to support the adjudication.
Affirmed.
NOTES
[1] Which reads:

"(1) Burglary means entering or remaining in a dwelling, a structure, or a conveyance with the intent to commit an offense therein, unless the premises are at the time open to the public or the defendant is licensed or invited to enter or remain."
[2] Which reads:

"(1) In a trial on the charge of burglary, proof of the entering of such structure or conveyance at any time stealthily and without consent of the owner or occupant thereof is prima facie evidence of entering with intent to commit an offense."