STONE, J.
We affirm Oviedo’s conviction for burglary of a dwelling, but reverse his habitual offender sentence because the evidence introduced during the sentencing hearing did not establish that he qualified for enhanced sentencing.
Oviedo contends, primarily, that the evidence at trial failed to establish that his entry into the victim’s dwelling was accomplished stealthily and, therefore, the court’s stealthy entry jury instruction constituted fundamental error.
According to the record, at 5:00 a.m., officers responded to a residential alarm. Seeing no one outside, the officers walked toward the rear of the home where Officer Leonard saw a van backed up to smashed-out sliding glass doors and two people standing inside the dwelling apparently moving appliances. Despite Officer Leonard’s order to stop, the men fled. One got into the van, and the other, Oviedo, attempted to escape on foot.
The other officer, Officer Calliehio, heard his colleague yell “stop, police,” followed by a vehicle accelerating. Officer Leonard fired his handgun at the van as it approached him, but it drove by, sideswiping him. Officer Calliehio located Oviedo as he rounded the corner of the house and a struggle ensued.
At the time of his arrest, Oviedo was wearing gloves and carrying a screwdriver. He also had a razor knife in his rear pocket. An inspection of the burglarized house revealed that the appliances had been moved and stacked next to the smashed-in sliding glass doors. Also recovered was a cordless drill laying beside the appliances, water covering the kitchen floor, and the alarm system was detached from the wall.
The victim testified that, when he left the house the day before, the door was locked, the appliances were in their proper places, and the glass doors were intact.
As part of the charge regarding burglary of a dwelling, the trial court instructed the jury on stealthy entry, as follows:
*684 [pjroof of the entering of a structure stealthily and without the consent of the owner or occupant may justify a finding that the entering was with an intent to commit the crime if from all the surrounding facts and circumstances you are convinced beyond a reasonable doubt that the intent existed.
We conclude that the stealthy entry instruction is supported by the record. Here, the evidence showed that the burglarized home backed up to a lake and the house next door was under construction. Choosing a secluded location in order to avoid discovery may constitute “stealth” under the burglary statute. Baker v. State, 622 So.2d 1333, 1336 (Fla. 1st DCA 1993). See also S.D. v. State, 837 So.2d 1173, 1174 (Fla. 4th DCA 2003)(defining stealthy entry as any “secret, sly or clandestine act to avoid discovery and to gain entrance into or to remain ... without permission....”) Further, Oviedo failed to object to the jury instruction and we cannot say that, even if erroneous, the court’s instruction constituted fundamental error. See Daughtry v. State, 804 So.2d 426, 427 (Fla. 4th DCA 2001), rev. denied, 819 So.2d 134 (Fla.2002).
With respect to the sentence, although a prior conviction, identified as case number 84-8751, was entered into evidence, Oviedo did not stipulate that the conviction was applicable to him. Specifically, the name of the individual charged in that ease was referred to as Alberto Marquez Oviedo, while the charge in the instant case is against Alberto D. Oviedo. Further, there are no fingerprints in the 84-8751 packet containing the certified record of the conviction.
We affirm the conviction, but reverse the habitual offender sentence and remand for re-sentencing. If the state can prove that Oviedo is the person convicted in case number 84-8751, however, the state may again seek a habitual offender sentence. See Rivera v. State, 877 So.2d 787 (Fla. 4th DCA 2004).
POLEN and SHAHOOD, JJ., concur.