[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 22-11310

Non-Argument Calendar

_____

RILEY MITCHELL,

Petitioner-Appellant,

*versus*

SECRETARY, FLORIDA DEPARTMENT OF CORRECTIONS,
ATTORNEY GENERAL, STATE OF FLORIDA,

Respondents-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 8:19-cv-00457-MSS-TGW

_____

Before JILL PRYOR, BRANCH, and BRASHER, Circuit Judges.

PER CURIAM:

Riley Mitchell appeals the district court's denial of his federal habeas petition. During his state court trial, the government introduced Mitchell's testimony that was obtained in violation of his *Miranda* rights, *see Miranda v. Arizona*, 384 U.S. 436 (1966), but his counsel did not pursue a motion to suppress that testimony. The district court held that although Mitchell's counsel's performance was deficient, Mitchell could not establish that deficiency prejudiced him under *Strickland v. Washington*, 466 U.S. 668 (1984). The district court granted a certificate of appealability for Mitchell's argument that the state court unreasonably applied *Miranda* and *Strickland* under 28 U.S.C. § 2254(d) by denying his claim for ineffective assistance of counsel. We agree with the district court that Mitchell cannot establish that any of his counsel's deficiencies were prejudicial. Accordingly, we affirm.

## I.

Riley Mitchell was arrested and questioned on two separate occasions in late 2010. He was first arrested on November 13 for dealing in stolen property. He was questioned in relation to that arrest on December 1, invoked his Miranda rights during that questioning, and was released from jail on December 12. He was again arrested on December 15 and charged with burglary of a dwelling and grand theft. Detectives brought Mitchell to an interview room

and attempted to read him his *Miranda* rights, but Mitchell interrupted the detectives and stated that he had gone into abandoned homes to collect metal to scrap and that he knew it was wrong to break into those abandoned buildings.

At Mitchell's trial for the burglary and grand theft charges, the government introduced Mitchell's statements after the December 15 arrest. The government also introduced evidence that Mitchell's blood and flesh were found on the exterior of a broken window of the house the copper tubing was stolen from and that Mitchell did not have permission to enter the home. And the detectives who interviewed Mitchell after his arrest testified that they noticed and photographed scars on Mitchell's arms. The jury found Mitchell guilty on both counts and he was sentenced to thirty years.

Mitchell appealed his conviction and sentence to the Florida Second District Court of Appeal, which affirmed his conviction and sentence for burglary of an unoccupied dwelling but vacated his conviction and sentence for grand theft. The court of appeals directed the trial court to enter a judgment and sentence for first-degree petit theft instead of grand theft.

Mitchell later filed a *pro se* motion for postconviction relief that argued, among other things, that his trial counsel was ineffective for failing to file a motion to suppress his statements to the police that he said were obtained in violation of his *Miranda* rights. He argued that because he invoked his Miranda rights during a custodial interrogation on December 1, 2010, the police were

prohibited from reinitiating an interrogation on December 15, 2010. The state postconviction court denied relief, reasoning that his counsel was not deficient because his first invocation of his *Miranda* rights was in an unrelated case and therefore did not apply to police interrogation related to the offense here. Mitchell appealed that denial, and the Florida Second District Court of Appeal affirmed.

Mitchell filed a *pro se* habeas petition on February 18, 2019. The district court denied that petition. It held that the state court unreasonably applied *Strickland* and its progeny when it determined Mitchell's trial counsel was not deficient, but that Mitchell could not establish prejudice because of that deficiency. The district court granted a certificate of appealability as to whether Mitchell's trial counsel was ineffective for failing to file a motion to suppress Mitchell's statements to police.

## II.

"We review *de novo* the denial of a petition for a writ of habeas corpus." *Morrow v. Warden, Ga. Diagnostic Prison*, 886 F.3d 1138, 1146 (11th Cir. 2018) (quoting *Williamson v. Fla. Dep't of Corr.*, 805 F.3d 1009, 1016 (11th Cir. 2015)). Moreover, "[a]n ineffective assistance of counsel claim is a mixed question of law and fact[,] which we review de novo." *Williams v. Alabama*, 73 F.4th 900, 905 (11th Cir. 2023) (quoting *Sims v. Singletary*, 155 F.3d 1297, 1304 (11th Cir. 1998)).

Because these claims were adjudicated in state court, we will not grant habeas relief unless the state court decision "was contrary

to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d). A decision is contrary to clearly established Federal law "if the state court arrives at a conclusion opposite to that reached by [the United States Supreme Court] on a question of law or if the state court decides a case differently than [the United States Supreme Court] has on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 413 (2000). A decision is an unreasonable application of clearly established federal law "if the state court identifies the correct governing legal principle from [the Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* To show that a state court decision was an unreasonable application of clearly established federal law, the prisoner must show the decision "is so obviously wrong that its error lies 'beyond any possibility for fairminded disagreement.'" *Shinn v. Kayer*, 592 U.S. 111, 118 (2020) (quoting *Harrington v. Richter*, 562 U.S. 86, 103 (2011)).

Mitchell argues that he is entitled to habeas relief because his trial counsel was ineffective for failing to file a motion to suppress his statements to detectives that were offered at trial. A claim for ineffective assistance of counsel requires the defendant to establish his counsel was deficient and that deficiency resulted in prejudice to the defendant. *See Strickland*, 466 U.S. at 687.

The state court held that Mitchell did not establish that his trial counsel was ineffective for failing to seek suppression of his statements to police. It reasoned that Mitchell's counsel was not deficient because his first invocation of his *Miranda* rights was in an unrelated case and therefore did not apply to police interrogation related to the offense here.

We disagree and hold that the state court unreasonably applied Supreme Court caselaw in holding that Mitchell's counsel was not deficient. A suspect who has invoked his *Miranda* rights during a custodial interrogation is not subject to further interrogation until counsel has been made available or the suspect initiates further communication. *See Edwards v. Arizona*, 451 U.S. 477, 484–85 (1981). This rule prevents an interrogation for 14 days after the suspect's release from custody. *See Maryland v. Shatzer*, 559 U.S. 98, 110 (2010). And the rule prevents reinitiating interrogation about any crime, even if the new questioning relates to a different crime than the suspect was originally questioned about. *See Arizona v. Roberson*, 486 U.S. 675, 682–83 (1988).

Mitchell invoked his *Miranda* rights on December 1, 2010, in an unrelated case. He was released from custody on December 12, 2010, and detectives reinitiated interrogation on December 15, 2010, when he was rearrested in relation to the burglary and stolen copper tubing. Because Mitchell's interrogation regarding the burglary took place within 14 days of his release from custody, and because Mitchell invoked his *Miranda* rights during that custody, his trial counsel—who knew of these facts—should have filed a

motion to suppress the statements he gave to the detectives. His failure to do so was deficient, and the state court unreasonably applied Supreme Court precedent when it determined the counsel was not deficient.

However, the state court was correct to reject Mitchell's ineffective assistance of counsel claim because Mitchell's counsel's deficient performance did not prejudice Mitchell. To prove prejudice, Mitchell must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. The errors must be "so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Id.* at 687. The state court did not engage in a prejudice analysis because it determined Mitchell's counsel was not deficient, so we review *Strickland*'s prejudice element *de novo*.

The evidence presented at trial establishes there is no reasonable probability that Mitchell would have been acquitted if the jury had not heard Mitchell's statements to police about scrapping copper. Thus, even though Mitchell's counsel was deficient, Mitchell was not prejudiced by that deficiency.

Mitchell was charged with burglary under Florida law, which requires the government to prove he unlawfully entered or remained in a dwelling with the intent to commit an offense therein. Fla. Stat. § 810.02(1)(b)(3)(b). A dwelling includes a home's curtilage, and a fenced-in back yard is part of the curtilage of the home. *See id.* § 810.011(2); *Baker v. State*, 636 So.2d 1342, 1343 (Fla. 1994). And under Florida law, "[s]tealthy entry, together with the

absence of owner or occupant consent, is an evidentiary tool with which to establish prima facie proof of intent to commit an offense." *Baker*, 636 So.2d at 1344. The government offered evidence that the backyard of the burglarized home was fenced in, that Mitchell's blood and flesh were found on a broken window used to gain entry into the home, that the detectives observed scrapes and scars on Mitchell's arms, and that Mitchell did not have permission to enter the home. Thus, even though Mitchell's counsel erred by not filing a motion to suppress his statements to police, that error was not serious enough to deprive Mitchell of a fair trial with a reliable result. Instead, the evidence was sufficient for a jury to find Mitchell guilty of burglary under Florida law.

Mitchell separately argues that he was prejudiced because he might have elected to testify had his counsel filed a motion to suppress his statements to police. But Mitchell does not explain why the suppression of those statements would have made him decide to testify at trial or how his testimony could have overcome the weight of the evidence against him. At Mitchell's postconviction hearing Mitchell's trial attorney explained that Mitchell admitted to him that he burglarized the home. Because of that admission, the attorney could not have advised Mitchell to take the stand and perjure himself. *See Scott v. Dugger*, 891 F.2d 800, 803 (11th Cir. 1989). Moreover, had Mitchell testified contrary to the statements that he made to the police, the prosecution could have impeached him with those statements even if they had been excluded from the prosecution's case-in-chief. *See Harris v. New York*, 401 U.S. 222

22-11310                 Opinion of the Court                     9

(1971). There is no connection between the suppression of these statements and Mitchell's right to testify.

## III.

The district court is **AFFIRMED.**