[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-14836
_____

D.C. Docket No. 5:13-cr-00039-ACC-PRL-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RAFAEL DIAZ-MORALES,
a.k.a. Rafael Diaz,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(December 23, 2014)

Before MARTIN, JULIE CARNES and BLACK, Circuit Judges.

MARTIN, Circuit Judge:

Rafael Diaz-Morales appeals his sentence for illegal re-entry.  He argues that

the District Court improperly treated his prior conviction for burglary as a crime of

violence under United States Sentencing Guideline § 2L1.2(b)(1)(A)(ii), which significantly increased his sentence.[1]  After careful review, and with the benefit of oral argument, we affirm.

## I.

Mr. Diaz-Morales pleaded guilty to illegal re-entry in violation of 18 U.S.C. § 1326(a) and (b)(1).  His presentence investigation report ("PSR") increased his offense level for sentencing by sixteen levels on account of a crime-of-violence enhancement under USSG § 2L1.2(b)(1)(A)(ii).  This increase was based on his prior conviction for burglary in violation of section 810.02(1) of the Florida Statutes.  In light of his enhanced offense level of 21 and his criminal history category of IV, the PSR calculated a guideline range of 57- to 71-months imprisonment, and the District Court sentenced Mr. Diaz-Morales to 57 months.

Mr. Diaz-Morales did not object to the District Court's application of the crime-of-violence enhancement either before or during sentencing, so we review only for plain error.  See United States v. Frazier, 605 F.3d 1271, 1282 (11th Cir. 2010).  Plain error exists if there was (1) error, (2) that is plain, and (3) that affects a substantial right.  Id.  If these requirements are met, we may exercise our

---

[1] Mr. Diaz-Morales also argues that his enhanced sentence violated his Fifth and Sixth Amendment rights because the fact of his prior conviction was not charged in an indictment and proven to a jury beyond a reasonable doubt.  But, as he recognizes, Supreme Court precedent forecloses this argument.  See Almendarez-Torres v. United States, 523 U.S. 224, 118 S. Ct. 1219 (1998).  We will not discuss it further.

discretion to correct the error if it (4) "seriously affects the fairness, integrity, or public reputation of judicial proceedings." Id. (quotation omitted).

## II.

Mr. Diaz-Morales objects for the first time on appeal to the District Court's application of Guideline section 2L1.2(b)(1)(A)(ii), which imposes a sixteen-level enhancement for unlawfully entering or remaining in the United States after a conviction for a felony that is a "crime of violence." A "crime of violence" is defined by reference to an enumerated list of qualifying offenses, one of which is "burglary of a dwelling." USSG § 2L1.2 cmt. n.1(B)(iii).

There is no question that Mr. Diaz-Morales was previously convicted of burglary under Florida Statute § 810.02(1)(a) (2000). But not all burglary convictions are crimes of violence. Burglary convictions are predicate crimes of violence "only if the underlying state offense meets the generic definition of burglary" of a dwelling. See United States v. Ramirez-Flores, 743 F.3d 816, 820 (11th Cir. 2014). This is known as the "categorical approach." Id.

Not all burglary statutes will match the generic definition of burglary of a dwelling. If a burglary statute is overbroad—if it "'sweeps more broadly than the generic burglary [of a dwelling], [then] a conviction under that law cannot categorically count as a "crime of violence," even if the defendant actually committed burglary [of a dwelling] in its generic form.'" Id. (alterations adopted)

3

(quoting Descamps v. United States, 570 U.S. ___, ___, 133 S. Ct. 2276, 2283 (2013)).  But even a conviction under an overbroad statute can still be a "crime of violence" if the statute is "divisible."

A divisible statute is one that "sets out one or more elements of the offense in the alternative, in effect creating several different crimes."  Id. (citing Descamps, 570 U.S. at ___, 133 S. Ct. at 2283–85).  When the statute of conviction is divisible, "a modified categorical approach applies."  Id.  Under the modified categorical approach, if at least one of a divisible statute's alternatives matches the generic definition of burglary of a dwelling, the sentencing court may "'consult a limited class of documents, such as indictments and jury instructions, to determine which alternative element formed the basis of the defendant's prior conviction.'"  Id.  (quoting Descamps 570 U.S. at ___, 133 S. Ct. at 2281).  If those so-called Shepard documents, Shepard v. United States, 544 U.S. 13, 125 S. Ct. 1254 (2005), indicate that the defendant was convicted under an alternative with elements that match the generic definition of burglary of a dwelling, then this prior conviction is a crime of violence.

But "[i]f the statute of conviction defines burglary 'not alternatively, but only more broadly than the generic offense,'" the statute is indivisible and "the modified categorical approach 'has no role to play.'"  Id. at 821 (quoting Descamps, 570 U.S. at ___, ___, 133 S. Ct. at 2283, 2285).  If the modified

4

categorical approach does not apply, a reviewing court may not look to the Shepard documents. Instead, the court must look only to the elements of the statute of conviction to determine whether the statute defines burglary more broadly than generic burglary of a dwelling. If the statute is overbroad, then the conviction is not a crime of violence under the categorical approach. Finally, we note that whatever approach is used—categorical or modified categorical—the sentencing court must always focus on the elements of the statute of conviction and not the defendant's conduct. See Descamps, 570 U.S. at ___, 133 S. Ct. at 2292–93.

III.

Mr. Diaz-Morales did not object at sentencing to the District Court's conclusion that his prior Florida burglary conviction was a crime of violence. He argues for the first time on appeal that the elements of the Florida statute of conviction, § 810.02(1), are broader than the elements of generic burglary of a dwelling. The District Court did not say whether it used the categorical or modified categorical approach to reach that holding. (This is not surprising, because Mr. Diaz-Morales did not object or demand any explanation from the District Court. In the way we have just set out above, a sentencing court may, in the right circumstances, use either approach in deciding whether a prior conviction is a crime of violence. If a sentencing court decides that a prior conviction is not a

crime of violence under the categorical approach, its inquiry does not stop there. It must go on to consider whether the modified categorical approach applies, and if it does, whether the conviction qualifies as a crime of violence under that approach. See United States v. Howard, 742 F.3d 1334, 1345–46 (11th Cir. 2014). For that reason, Mr. Diaz-Morales must show that it is plain error to treat his prior conviction as a crime of violence under either approach.

Mr. Diaz-Morales has not made the required showing. Our review leads us to conclude that it is not plain error to treat his prior conviction as a crime of violence under the modified categorical approach. This Court has no controlling precedent holding that section 810.02(1) is indivisible for federal sentencing purposes. Therefore, application of the modified categorical approach to this statute is not plain error. Finally, because Mr. Diaz-Morales has abandoned any argument that his conviction does not actually qualify as a crime of violence under the modified categorical approach, we need not decide that question, and Mr. Diaz-Morales cannot succeed in this appeal.[2]

---

[2] We need not decide whether it is also plain error to treat Mr. Diaz-Morales's prior conviction as a crime of violence under the categorical approach. Even if it is, he must still show that it is plain error to apply the modified categorical approach, or that it is plain error to hold that his conviction qualifies under that approach—showings he cannot make. See Howard, 742 F.3d at 1345–47 (explaining that if a sentencing court holds that a prior conviction does not qualify under the categorical approach, it proceeds to consider whether the modified categorical approach applies and whether the conviction qualifies under that approach). As we have held in a different context: if a litigant must make two showings to succeed, but fails to make one, we need not address the other. Holladay v. Haley, 209 F.3d 1243, 1248 (11th Cir. 2000) (discussing

At the time of Mr. Diaz-Morales's prior conviction, Florida law defined burglary as

> entering or remaining in a dwelling, a structure, or a conveyance with the intent to commit an offense therein, unless the premises are at the time open to the public or the defendant is licensed or invited to enter or remain.

Fla. Stat. § 810.02(1)(a) (2000).  A "dwelling" is

> a building or conveyance of any kind, including any attached porch, whether such building or conveyance is temporary or permanent, mobile or immobile, which has a roof over it and is designed to be occupied by people lodging therein at night, together with the curtilage thereof.

Id. § 810.011(2).

It is not plain error to treat this statute as divisible and apply the modified categorical approach to determine whether it qualifies as a crime of violence.  Mr. Diaz-Morales has pointed to no Supreme Court or Eleventh Circuit precedent deciding whether a prior conviction for burglary under section 810.02(1) is divisible.  And "there can be no plain error where there is no precedent from the Supreme Court or this Court directly resolving" the disputed issue.  United States v. Lejarde-Rada, 319 F.3d 1288, 1291 (11th Cir. 2003) (per curiam); see also Ramirez-Flores, 743 F.3d at 822 ("An error is 'plain' if controlling precedent from the Supreme Court or the Eleventh Circuit establishes that an error has occurred.").

---

ineffective assistance of counsel). Cf. Howard, 742 F.3d at 1347 ("Courts are free to pursue the most efficient means of deciding a particular case.").

We addressed and rejected a similar argument in <u>Ramirez-Flores</u>.  There, the defendant argued that it was plain error to treat a South Carolina burglary statute as divisible.  <u>Ramirez-Flores</u>, 743 F.3d at 822–23.  We held that it was neither "plain nor obvious that the . . . statute is indivisible" in the absence of a case "interpreting whether [the statute] is divisible for federal sentencing purposes."  <u>Id.</u> at 822.  So too here: no controlling precedent has held that section 810.02(1) is indivisible for federal sentencing purposes.  Thus, "[w]e need not in this case definitively decide that the . . . statute at issue is divisible.  We need decide only that it is not plain or obvious that the statute is indivisible."  <u>Id.</u> at 823.  Without controlling precedent declaring section 810.02(1) indivisible for federal sentencing purposes, it was not plain error for the District Court to find it divisible and apply the modified categorical approach.

As we've said, we need not decide whether Mr. Diaz-Morales's conviction actually qualifies as a crime of violence under the modified categorical approach.  By not briefing the question, he has abandoned any argument that his conviction does not qualify.  <u>See</u> <u>United States v. Jernigan</u>, 341 F.3d 1273, 1283 n.8 (11th Cir. 2003) (arguments not briefed are abandoned).

Neither this Court nor the Supreme Court has ever had occasion to hold that section 810.02(1) is indivisible.  That being the case, it is not plain error to hold otherwise and apply the modified categorical approach.  The District Court did not

8

plainly err when it held that Mr. Diaz-Morales's conviction was a "crime of violence" and applied the sixteen-level enhancement mandated by USSG § 2L1.2.

**AFFIRMED.**