[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 14-13066

_____

D.C. Docket No. 1:13-cr-20389-KMW-1


UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

KELVIN ESPRIT,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(November 21, 2016)

Before JORDAN and JILL PRYOR, Circuit Judges, and PROCTOR, [*] District Judge.

_____

[*] Honorable R. David Proctor, United States District Judge for the Northern District of Alabama, sitting by designation.

JILL PRYOR, Circuit Judge:

In this direct appeal, we are tasked with deciding whether a prior conviction for burglary under Florida law may serve as a basis for an enhanced sentence under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e).  In light of the Supreme Court's decisions in *Johnson v. United States*, 135 S. Ct. 2551 (2015), and *Mathis v. United States*, 136 S. Ct. 2243 (2016), the government agrees with Kelvin Esprit, who is serving an ACCA-enhanced sentence, that his burglary convictions cannot support such a sentence.  For the reasons that follow, we agree with Mr. Esprit as well.  We therefore vacate Mr. Esprit's sentence and remand with instructions that he be resentenced without the ACCA enhancement.

## I.    Factual Background

Along with other offenses, a jury convicted Kelvin Esprit of one count of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g).  Although ordinarily that charge carries a maximum punishment of 10 years' imprisonment, if an individual has three or more prior convictions for a "violent felony" or "serious drug offense," ACCA increases his term of incarceration to a minimum of 15 years.  18 U.S.C. § 924(a)(2), (e).  The district court in Mr. Esprit's case determined that he had four qualifying prior violent felony convictions, two of which were for burglary under Florida law.  The court overruled Mr. Esprit's

2

objection to the imposition of an enhanced sentence based on the burglary convictions and imposed a sentence of 188 months' imprisonment.

Mr. Esprit appealed, renewing his challenge to the use of his Florida burglary convictions to enhance his sentence. To qualify as an ACCA predicate at the time of his sentencing, his Florida burglary convictions were required to satisfy one of ACCA's three definitions of violent felony. That is, Florida burglary must be an offense that (1) "has as an element the use, attempted use, or threatened use of physical force against the person of another"; (2) "is burglary, arson, or extortion, [or] involves the use of explosives"; or (3) "otherwise involves conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B)(i)–(ii). These three definitions are known, respectively, as the elements clause, enumerated crimes clause, and residual clause.

Under Florida law, burglary is defined as "[e]ntering a dwelling, a structure, or a conveyance with the intent to commit an offense therein." Fla. Stat. § 810.02(1)(b)(1). Another part of the statute defines "dwelling" as

> a building or conveyance of any kind, including any attached porch, whether such building or conveyance is temporary or permanent, mobile or immobile, which has a roof over it and is designed to be occupied by people lodging therein at night, together with the curtilage thereof.

3

*Id.* § 810.011(2); *see also id.* § 810.011(1) (defining "structure" as "a building of any kind, either temporary or permanent, which has a roof over it, together with the curtilage thereof").

A conviction under this statute indisputably does not implicate the elements clause, but the government previously argued in this appeal that it fell within the residual clause. In *Johnson*, the Supreme Court held that the residual clause was unconstitutionally vague. 135 S. Ct. at 2563. In response, the government conceded that Mr. Esprit's prior burglary convictions could not qualify as predicates under ACCA's residual clause but asserted that they nonetheless qualified as enumerated crimes. Now, in light of the Supreme Court's decision in *Mathis*, which elaborated on the appropriate analysis for considering whether an offense qualifies as an enumerated crime, the government agrees with Mr. Esprit that a Florida burglary conviction cannot serve as a predicate offense for his ACCA enhancement. And, because Mr. Esprit has only two qualifying prior violent felonies without the burglary convictions, the government concedes that he is entitled to be resentenced. We agree.[1]

## II.    ANALYSIS

---

[1] "Confessions of error are, of course, entitled to and given great weight, but they do not relieve this Court of the performance of the judicial function." *Sibron v. New York*, 392 U.S. 40, 58 (1968) (internal quotation marks omitted).

4

We review *de novo* whether a prior state conviction qualifies as a "violent felony" under ACCA. *United States v. Howard*, 742 F.3d 1334, 1341 (11th Cir. 2014). We first examine the Supreme Court and Circuit precedent that drives our analysis of whether a conviction for Florida burglary falls within ACCA's definition of "violent felony." We then apply those principles to Florida's law.

## A. The Evolution of Our Framework for Determining Whether a State Offense Qualifies as an Enumerated Crime

Although ACCA's enumerated crimes include the offense of burglary, it is axiomatic by now that not all state burglary statutes qualify as burglary under ACCA. *See Mathis*, 136 S. Ct. at 2248 (citing *Taylor v. United States*, 495 U.S. 575, 598 (1990)). Indeed, "[i]n listing those crimes, . . . Congress referred only to their usual or (in our terminology) generic versions—not to all variants of the offenses." *Id.* "That means as to burglary—the offense relevant in this case—that Congress meant a crime containing the following elements: an unlawful or unprivileged entry into a building or other structure, with intent to commit a crime." *Id.* (alteration and internal quotation marks omitted).

In determining whether a prior conviction (here, Florida burglary) is equivalent to generic burglary, we must "focus solely on whether the elements of the crime of conviction sufficiently match the elements of generic burglary, while ignoring the particular facts of the case." *Id.* If the elements of the state offense are either "the same as, or narrower than, those of the generic offense," then the

conviction meets ACCA's definition. *Id.* This is known as the "categorical approach." *Id.*

For the limited purpose of "help[ing] implement the categorical approach," the Supreme Court has also recognized a "narrow range of cases" in which courts can use what is called the "modified categorical approach." *Descamps v. United States*, 133 S. Ct. 2276, 2283, 2285 (2013) (internal quotation marks omitted). The modified categorical approach allows courts to review certain documents from the state proceedings (known as "*Shepard* documents") to find out if the state court convicted the defendant of the generic offense. *See Shepard v. United States*, 544 U.S. 13 (2005). Even though the modified categorical approach lets courts look at facts for that limited purpose, it "retains the categorical approach's central feature: a focus on the elements, rather than the facts, of a crime. And it preserves the categorical approach's basic method: comparing those elements with the generic offense's." *Descamps*, 133 S. Ct. at 2285. "Our inquiry, in this regard, is always about what elements the defendant was convicted of, not the facts that led to that conviction." *United States v. Lockett*, 810 F.3d 1262, 1266 (11th Cir. 2016).

Nine years ago, the Supreme Court held that Florida burglary is not the enumerated crime of burglary in ACCA because Florida allows a burglary conviction even when a defendant burglarizes the curtilage of a home. *See James v. United States*, 550 U.S. 192, 212 (2007) ("[T]he inclusion of curtilage takes

6

Florida's underlying offense of burglary outside the definition of 'generic burglary' set forth in *Taylor*, which requires an unlawful entry into, or remaining in, 'a *building or other structure*.'" (internal citations omitted)).[2]  Nonetheless, just a few months before the *Descamps* decision, this Court held on plain-error review that, "[a]lthough Florida's burglary statute facially encompasses both generic and non-generic burglaries, a conviction under the statute can still qualify as a generic burglary if the charging documents or other *Shepard*-approved sources show that the offense involved unlawful entry into a building or structure."  *United States v. Weeks*, 711 F.3d 1255, 1262–63 (11th Cir. 2013).

*Weeks* reached this conclusion because this Court's pre-*Descamps* precedent assumed that the modified categorical approach applied to any non-generic burglary statute.  *See id.*; *see also Howard*, 742 F.3d at 1344 (explaining that this Court's "pre-*Descamps* decisions . . . assumed that the modified categorical approach could be applied to all non-generic statutes").  "The *Descamps* decision dictates discarding that assumption."  *Howard*, 742 F.3d at 1344.  After *Descamps*, "the modified categorical approach can be applied only when dealing with a divisible statute:  a statute that 'sets out one or more elements of the offense in the alternative.'"  *Id.* (quoting *Descamps*, 133 S. Ct. at 2281–82).

---

[2] *James* went on to hold that a violation of this Florida statute met ACCA's "residual clause" definition of "violent felony."  550 U.S. at 209.  The Supreme Court overruled that aspect of *James* in *Johnson*.  *See supra* Part I.

7

This Court's *Lockett* decision later clarified when and how a state statute "sets out one or more elements of the offense in the alternative"; that is, whether it is divisible. *Descamps*, 133 S. Ct. at 2281. *Lockett* explained that before applying the modified categorical approach, a sentencing court must "determine whether a state statute 'lists multiple, alternative elements, and so effectively creates several different crimes.'" 810 F.3d at 1266 (quoting *Descamps*, 133 S. Ct. at 2285). "If the statute does this, then [the statute is divisible and] *Shepard* documents will tell us which of these 'several different crimes' a defendant was convicted of. If it does not, then [the statute is indivisible and] no conviction under the statute can be assumed to be generic." *Id.*

*Lockett* held that South Carolina's burglary statute did not create "several different crimes" and therefore was indivisible because jurors were only required to find that a defendant entered a "dwelling." *Id.* at 1269–70. We recognized that the statute also defined the word "dwelling" with a finite list of places separated by the word "or." *Id.* We explained that a sentencing court's "inquiry can't end with simply looking at whether the statute is written disjunctively (with the word "or"). The text of a statute won't always tell us if a statute is listing alternative means or definitions, rather than alternative elements." *Id.* at 1268. Instead, "a jury must be required to find one of the alternative elements beyond a reasonable doubt, rather than just convict under a statute that happens to list alternative definitions or

alternative means for the same crime without requiring jurors to pick which one applies." *Id.* at 1267.

Five months after we decided *Lockett*, the Supreme Court in *Mathis* also addressed a statute that "enumerates various factual means of committing a single element." 136 S. Ct. at 2249. The Court in *Mathis* explained that this "kind of list merely specifies diverse means of satisfying a single element of a single crime" and that "a jury need not find (or a defendant admit) any particular item" in order for a burglary conviction to be valid. *Id.* And the Court held that the modified categorical approach does not apply "when a statute happens to list possible alternative means of commission: Whether or not made explicit, they remain what they ever were—just the facts." *Id.* at 2557. In light of the Supreme Court's decision in *Mathis*, the government in this case has expressed the view that the Florida burglary statute's definition of "structure" is indivisible, and the unlawful entry into the curtilage of a building is merely a possible alternative means of commission of the offense. Thus, the government agrees with Mr. Esprit that his Florida burglary convictions cannot be used to enhance his sentence under ACCA.

**B. Application of This Framework to Mr. Esprit's Florida Burglary Convictions**

Mr. Esprit was convicted of violating a statute that defines burglary as "[e]ntering a dwelling, a structure, or a conveyance with the intent to commit an offense therein." Fla. Stat. § 810.02(1)(b)(1). Again, the statute defines

9

"dwelling" as:

> a building or conveyance of any kind, including any attached porch, whether such building or conveyance is temporary or permanent, mobile or immobile, which has a roof over it and is designed to be occupied by people lodging therein at night, together with the curtilage thereof.

*Id.* § 810.011(2). Likewise, the Florida statute defines "structure" to include the curtilage of a building. *Id.* § 810.011(1). We hold that a conviction for burglary under Florida law cannot serve as a predicate "violent felony" under ACCA because the Florida burglary statute is not divisible, and that means that we cannot use the modified categorical approach.

Because Florida law defines both a dwelling and a structure as "a building . . . together with the curtilage thereof," we have explained that "Florida does not consider burglary of the curtilage of a structure to be a crime distinct from burglary of that structure." *United States v. Matthews*, 466 F.3d 1271, 1274 (11th Cir. 2006).[3] The Florida Supreme Court has made this same point:

> There is no crime denominated burglary of a curtilage; the curtilage is not a separate location wherein a burglary can occur. Rather, it is an integral part of the structure or dwelling that it surrounds. Entry into the curtilage is, for the purposes of the burglary statute, entry into the structure or dwelling.

*Baker v. State*, 636 So. 2d 1342, 1344 (Fla. 1994).

---

[3] *Matthews* held that a conviction for third degree burglary under Florida law qualified as a violent felony under ACCA's residual clause. 466 F.3d at 1275. That portion of *Matthews* has been overruled by the Supreme Court's decision in *Johnson*. *See supra* Part I.

*Baker* confirms that Florida jurors never were required to decide if Mr. Esprit committed burglary by entering a building rather than just its curtilage.[4]  Or, as the Florida Supreme Court put it, "for the purposes of the burglary statute, it would not matter whether [Mr. Esprit] was in [a victim]'s secluded back yard or back bedroom; in either circumstance, the courts must consider him to have been within [a] dwelling."  *Id.*  For that reason,

> [t]he modified approach thus has no role to play in this case.  The dispute here does not concern any list of alternative elements.  Rather, it involves a simple discrepancy between generic burglary and the crime established in [Fla. Stat. § 810.02(1)(b)(1)]. The former requires an unlawful entry [into a building or structure].  The latter does not.

*Descamps*, 133 S. Ct. at 2285 (internal citation omitted).  Florida's burglary statute creates a single indivisible crime that includes non-generic burglary.  That means "no conviction under the statute can be assumed to be generic."  *Lockett*, 810 F.3d at 1266.  And if no conviction under Florida's burglary statute qualifies as generic burglary, then no such conviction can serve as an ACCA predicate offense.  Thus, as a categorical matter, a Florida burglary conviction is not a "violent felony"

---

[4] *See Lockett*, 810 F.3d at 1271 ("What elements [state] prosecutors are required to prove for a burglary conviction is a question of [state] law.  And so we look to the state's courts to answer this question."); *see also Howard*, 742 F.3d at 1346 ("Sentencing courts conducting divisibility analysis in this circuit are bound to follow any state court decisions that define or interpret the statute's substantive elements because state law is what the state supreme court says it is."); *United States v. Rosales-Bruno*, 676 F.3d 1017, 1021 (11th Cir. 2012) ("[I]n determining whether a conviction . . . under [Florida law] is a 'crime of violence' for sentencing enhancement purposes, we are bound by Florida courts' determination and construction of the substantive elements of that state offense.").

11

under ACCA.

### III.    CONCLUSION

Mr. Esprit's ACCA-enhanced sentence cannot stand in light of our holding today.  Accordingly, we vacate his sentence and remand to the district court with instructions that he be resentenced without the ACCA enhancement.

**VACATED AND REMANDED.**