[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 13-14836

_____

D. C. Docket No. 5:13-cr-00039-ACC-PRL-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RAFAEL DIAZ-MORALES,
a.k.a. Rafael Diaz,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(November 22, 2016)

**ON REMAND FROM THE SUPREME COURT
OF THE UNITED STATES**

Before MARTIN, JULIE CARNES, and BLACK, Circuit Judges.

PER CURIAM:

Three years ago Rafael Diaz-Morales was sentenced to 57 months in prison

after he pleaded guilty to illegal re-entry into the United States.  That sentence was set using United States Sentencing Guideline § 2L1.2, which can increase the sentencing range for defendants who were previously convicted of "burglary of a dwelling."  USSG § 2L1.2 cmt. n.1(B)(iii).  The district court used § 2L1.2 to increase Diaz-Morales's sentence because he had previously been convicted of burglary under Florida law.  With that burglary conviction, Diaz-Morales's sentencing range was 57 to 71 months in prison.  Without it, his range would have been 24 to 30 months.  Because Diaz-Morales has been incarcerated since his arrest in May 2013, he has now served 42 months.

This is a continuation of Diaz-Morales's direct appeal.  When his appeal began over three years ago, he argued that his Florida burglary conviction was not for "burglary of a dwelling" because Florida law defines burglary to include illegal entry into areas outside a dwelling and because the Florida burglary statute was not divisible.  When a statute is not divisible, the district court is not permitted to use the modified categorical approach to determine whether the defendant was actually convicted of burglary of a dwelling.  See United States v. Diaz-Morales, 595 F. App'x 932, 933–35 (11th Cir. 2014).  But because Diaz-Morales did not object to the district court's use of his burglary conviction to enhance his guidelines sentencing range, we could only review his argument for plain error on appeal.  Id. at 933.  At that time, there was no precedent from this Court or the Supreme Court

2

holding that the Florida burglary statute was not divisible.  This panel therefore concluded that the district court did not plainly err and we upheld Diaz-Morales's sentence.  Id. at 935–36.

Within a month of our ruling, Diaz-Morales filed a petition for rehearing. We denied that petition a little over six months later.  Diaz-Morales then filed a petition for certiorari in the Supreme Court.  The Supreme Court granted that petition on June 28, 2016.  Diaz-Morales v. United States, 576 U.S. ___, 136 S. Ct. 2540 (2016).  The Court vacated our opinion and remanded in light of Mathis v. United States, 576 U.S. ___, 136 S. Ct. 2243 (2016).  Id. at 2541.  On remand, and with the benefit of this Court's decision in United States v. Esprit, ___ F.3d ___, No. 14-13066 (11th Cir. Nov. 21, 2016), we agree that Diaz-Morales was not convicted of "burglary of a dwelling" as that term is used in federal law.  We therefore vacate Diaz-Morales's sentence and remand to the district court with instructions to resentence him on an expedited basis.

## I.

We ordinarily review de novo whether a prior state conviction is a "crime of violence" under USSG § 2L1.2's list of offenses.  See United States v. Estrella, 758 F.3d 1239, 1244 (11th Cir. 2014).  "To determine whether a past conviction is for one of those offenses, courts compare the elements of the crime of conviction with the elements of the 'generic' version of the listed offense—i.e., the offense as

3

commonly understood." Mathis, 136 S. Ct. at 2247; see also id. at 2251 n.2 (noting that this same approach applies "outside the ACCA context"); Estrella, 606 F.3d at 1244 (applying Descamps v. United States, 520 U.S. ___, 133 S. Ct. 2276 (2013), to USSG § 2L1.2); United States v. Palomino Garcia, 606 F.3d 1317, 1326 (11th Cir. 2010) (applying the Supreme Court's pre-Descamps "categorical approach" cases to USSG § 2L1.2). Courts must "focus solely on whether the elements of the crime of conviction sufficiently match the elements of generic burglary, while ignoring the particular facts of the case." Mathis, 136 S. Ct. at 2248. If the elements of the state offense are either "the same as, or narrower than, those of the generic offense," then the conviction meets the § 2L1.2 definition. Id. This is known as the "categorical approach." Id.

However, the issue in Diaz-Morales's case has now been squarely decided by this Court. See Esprit, No. 14-13066. As recognized in Esprit, the Florida burglary statute's definition of "structure" is indivisible, and is broader than "burglary of a dwelling" as that term is used in federal law. Id. at 11–12. Therefore, "no conviction under the statute can be assumed" to fit the Guidelines enhancement that Diaz-Morales received. See United States v. Lockett, 810 F.3d 1262, 1266 (11th Cit. 2016); see also Esprit, No. 14-13066, at 11. Florida burglary is not categorically a "burglary of a dwelling" as that term is used in federal law, including the Guidelines provision under which Diaz-Morales was sentenced.

4

II.

This brings us to plain error, which was the reason we upheld Diaz-Morales's sentence before the Supreme Court vacated our earlier decision and remanded this case to us.  Plain error is (1) error (2) that is plain and (3) that affects a substantial right.  United States v. Frazier, 605 F.3d 1271, 1282 (11th Cir. 2010).  Our job has now been made easier by this Court's decision and binding precedent in Esprit.  We have long recognized that "an intervening decision of this Court or the Supreme Court squarely on point may make an error plain."  United States v. Pielago, 135 F.3d 703, 711 (11th Cir. 1998).

We conclude that this plain error affected Diaz-Morales's substantial rights.  The district court incorrectly applied USSG § 2L1.2 to increase Diaz-Morales's sentencing range based on his Florida burglary conviction.  With this mistaken enhancement, Diaz-Morales's sentencing range was 57 to 71 months in prison.  Without it, his sentencing range would have been 24 to 30 months.  And in sentencing Diaz-Morales, the district court said that it felt "that a guideline sentence [was] appropriate," and perhaps even more telling, that a "low end of the guideline [was] appropriate."  We therefore conclude that there is a reasonable probability that Diaz-Morales would have received a lower sentence had he been sentenced with the correct guidelines range, and he has therefore shown that his substantial rights were affected by this error.  See Molina-Martinez v. United

5

States, 578 U.S. ___, 136 S. Ct. 1338, 1347 (2016) ("In most cases a defendant who has shown that the district court mistakenly deemed applicable an incorrect, higher Guidelines range has demonstrated a reasonable probability of a different outcome."). Under these circumstances, Diaz-Morales has shown plain error that substantially affected his rights and seriously affected the fairness, integrity, and public reputation of judicial proceedings. See Frazier, 605 F.3d at 1282–83; United States v. Bennett, 472 F.3d 825, 834 (11th Cir. 2006) (per curiam). Diaz-Morales is entitled to relief from this Court.

III.

Esprit makes plain that Florida's burglary offense is neither generic nor divisible. That means a Florida burglary conviction is never "burglary of a dwelling" as that term is defined by federal law. We must therefore vacate Diaz-Morales's sentence. We are mindful that Diaz-Morales has now served more than the full term called for if he had received a within-guideline sentence in a range that did not include the § 2L1.2 enhancement, and that he will be eligible for immediate release if the district court decides on remand to impose a sentence within the guidelines range. Therefore, the district court is instructed to resentence Diaz-Morales on an expedited basis.

**VACATED AND REMANDED.**