[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-15936
Non-Argument Calendar
_____

D.C. Docket No. 1:16-cr-20141-KMW-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DAVON MCKENZIE,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(June 9, 2017)

Before HULL, WILSON, and JULIE CARNES, Circuit Judges.

PER CURIAM:

Defendant Davon McKenzie appeals his 180-month sentence, imposed after pleading guilty to being a felon in possession of a firearm and ammunition.  On appeal, Defendant argues that the district court erred by applying the enhancement under the Armed Career Criminal Act ("ACCA") because his three Florida convictions for possession with intent to sell, manufacture, or deliver cocaine were not qualifying serious drug offenses and his Florida conviction for aggravated battery did not constitute a violent felony.  After careful review, we affirm.

## I.    BACKGROUND

According to the Presentence Investigation Report ("PSR"), in January 2016, officers responded to Dolphin Food Market after receiving calls that an individual, later identified as Defendant, had approached a customer with a gun and demanded that the customer give Defendant two gold necklaces.  The encounter led to the customer being shot in the leg.  Defendant then fled with the two gold necklaces and $700.  He dropped the gun before exiting the market.  Officers recovered the firearm and determined that it had traveled in interstate commerce.

A federal grand jury subsequently issued an indictment charging Defendant with being a felon in possession of a firearm and ammunition, in violation of 18 U.S.C. §§ 922(g)(1) & 924(e)(1).  Defendant later pled guilty pursuant to a written plea agreement.

2

In preparation for sentencing, the probation officer prepared the PSR.  The probation officer assigned Defendant a base offense level of 24 pursuant to U.S.S.G. § 2K2.1(a)(2).  Defendant also received a two-level enhancement under § 2K2.1(b)(4) because the firearm was stolen and a four-level enhancement pursuant to § 2K2.1(b)(6)(B) because he possessed the firearm in connection with another felony offense.  The probation officer further determined that Defendant was an armed career criminal under U.S.S.G. § 4B1.4(a), resulting in an offense level of 34.  The ACCA enhancement was based on the following prior convictions in Florida:  a conviction for armed robbery with a deadly weapon in 2006; three convictions for possession with intent to sell, manufacture, or deliver cocaine in 2009; and a conviction for aggravated battery in 2013.  With a three-level reduction for acceptance of responsibility, Defendant's total offense level was 31.  Based on a total offense level of 31 and a criminal history category of VI, Defendant's guideline range was 188 to 235 months' imprisonment.

Of relevance to this appeal, Defendant objected to the ACCA enhancement on the ground that his prior convictions for armed robbery, aggravated battery, and possession with intent to sell, manufacture, or deliver cocaine were not qualifying predicate offenses.

At sentencing, Defendant reiterated his objection to the ACCA enhancement.  Defendant acknowledged that binding precedent foreclosed his

argument related to the drug convictions, but argued that his convictions for aggravated battery and armed robbery did not qualify as violent felonies because they required only the *de minimus* use of force.  The district court ultimately determined that the PSR's application of the ACCA enhancement was appropriate because Defendant's three prior drug convictions qualified as serious drug offenses.  The district court noted, however, that even if one of the drug offenses were "deemed infirm," the application of the ACCA enhancement was still appropriate because Defendant's aggravated battery conviction was a qualifying violent felony.[1]  After considering the 18 U.S.C. § 3553(a) factors, the district court sentenced Defendant to 180 months' imprisonment. This appeal followed.

## II.    DISCUSSION

We review *de novo* whether a prior state conviction is a qualifying predicate offense under the ACCA.  *See United States v. Esprit*, 841 F.3d 1235, 1238 (11th Cir. 2016) (violent felony); *United States v. White*, 837 F.3d 1225, 1228 (11th Cir. 2016) (serious drug offense).  Under the ACCA, a defendant convicted of violating § 922(g) is subject to a 15-year mandatory minimum if he has three prior convictions for either a violent felony or a serious drug offense.  18 U.S.C. §§ 922(g), 924(e)(1).

---

[1]  The district court did not rely on the armed robbery conviction.

4

Here, the district court did not err by concluding that Defendant was an armed career criminal.  The district court determined that Defendant's three prior convictions in Florida for possession with intent to sell, manufacture, or deliver cocaine qualified as serious drug offenses under the ACCA.  Defendant's prior drug offenses constitute serious drug offenses under binding precedent.  *See United States v. Smith*, 775 F.3d 1262, 1268 (11th Cir. 2014) (holding that a conviction under Florida Statute § 893.13(1) for possession with intent to sell, manufacture, or deliver a controlled substance constitutes a serious drug offense under the ACCA). We are not persuaded by Defendant's argument that his prior drug convictions cannot be predicate offenses because the Florida statute does not have a *mens rea* requirement, as we explicitly rejected this argument in *Smith*.  *See id.*  Under the prior precedent rule, we are bound by the holding in *Smith* "unless and until it is overruled by this court en banc or by the Supreme Court."  *United States v. Vega-Castillo*, 540 F.3d 1235, 1236 (11th Cir. 2008) (quotations omitted).

Although Defendant's three prior drug convictions are sufficient to support the ACCA enhancement, we also conclude that the district court correctly determined that Defendant's Florida conviction for aggravated battery qualifies as a violent felony under the ACCA.  *See Turner v. Warden Coleman FCI (Medium)*, 709 F.3d 1328, 1341–42 (11th Cir. 2013), *abrogated on other grounds by Johnson v. United States*, 135 S. Ct. 2551 (2015).  Because Defendant has at least three

5

prior convictions that qualify as predicate offenses under the ACCA, the district court did not err by applying the ACCA enhancement.

**AFFIRMED.**