[DO NOT PUBLISH]


IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-12461
Non-Argument Calendar
_____

D.C. Docket No. 2:15-cr-14078-KAM-1


UNITED STATES OF AMERICA,

                                        Plaintiff - Appellee,

                    versus

MARK AUGUSTUS CHAPPELLE,

                                        Defendant - Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(May 25, 2018)

Before WILLIAM PRYOR, JILL PRYOR and ANDERSON, Circuit Judges.

PER CURIAM:

Mark Chappelle appeals his convictions and 264-month sentence for possession of heroin and cocaine with intent to distribute, carrying a firearm in relation to a drug trafficking crime, and possession of a firearm by a convicted felon.  First, Chappelle argues that the district court erred in admitting evidence at trial relating to a THC-infused[1] lollipop found in his vehicle.  Second, he argues that the district court erred in enhancing his sentence pursuant to the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e) and in deeming him as a career offender.  After careful consideration of the briefs and the record, and for the reasons below, we affirm Chappelle's convictions and sentence in all respects.

## I.    BACKGROUND

Chappelle came to the attention of law enforcement when a confidential informant reported that Chappelle was selling drugs.  During a phone conversation recorded by law enforcement, the confidential informant arranged to meet with Chappelle in a Walgreens parking lot.  On this call, the informant and Chappelle did not explicitly discuss the type of drugs, quantity of drugs, or price the informant would pay.  Law enforcement gave the confidential informant $200 in marked bills and monitored the meeting.  They observed the confidential informant

---

[1] "THC" stands for tetrahydrocannabinol, which is the primary intoxicant in marijuana.

2

approach Chappelle's vehicle and then return to the law enforcement vehicle with only $80, as well as crack and heroin.  Chappelle was arrested.  A search of his vehicle revealed a gun, additional crack cocaine, cash, heroin, and a THC-infused lollipop.

Chappelle was indicted for possession of heroin and cocaine with the intent to distribute, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C) (Count I), carrying a firearm in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i) (Count II), and possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e) (Count III).  Chapelle pled not guilty, and the case proceeded to trial.

Prior to trial, the government notified Chappelle that it intended to tender into evidence the THC-infused lollipop that officers had seized from Chappelle's vehicle in the post-arrest search of the vehicle, as well as a recorded post-arrest interview in which Chappelle told officers that the lollipop could intoxicate a person and that he could buy such a lollipop for $5 and resell it for $20.  Chappelle objected to the admission of evidence related to the THC lollipop, arguing that the evidence was inadmissible under Federal Rule of Evidence 403.  He asserted that because he was on trial only for a single instance of allegedly possessing heroin and cocaine with the intent to distribute, the THC-infused lollipop had little probative value with respect to the offense charged.  The government responded

3

that the lollipop was admissible under Federal Rule of Evidence 404(b) because it was probative of Chappelle's intent and knowledge that he sold drugs out of his vehicle. The district court overruled Chappelle's objection, reasoning that his intent to distribute controlled substances was at issue in the case.

At trial, the government presented evidence showing that the confidential informant purchased cocaine and heroin from Chappelle. The government also presented evidence about the THC lollipop that was found in Chappelle's car and Chappelle's statement about reselling the lollipop. After the evidence was introduced, the district court gave a limiting instruction, telling the jury that it could consider this evidence only in deciding whether Chappelle had the state of mind necessary to commit the crimes charged, not for purposes of deciding whether Chappelle committed the acts charged in the indictment. The jury found Chappelle guilty on all three counts.

Before Chappelle's sentencing, the probation office prepared a presentence investigation report ("PSR"). The PSR indicated that Chappelle was subject to sentencing enhancements as an armed career criminal under ACCA, 18 U.S.C. § 924(e), and as a career offender under the United States Sentencing Guidelines § 4B1.1(a). The PSR identified the following predicate offenses: (1) aggravated assault with a firearm on a police officer, aggravated assault with a firearm, and shooting into an occupied vehicle; (2) sale of cocaine; and (3) aggravated assault

with a deadly weapon. The PSR noted that Chappelle's offense level under ACCA was the same under the career offender provisions in § 4B1.1. As a result of these enhancements, Chappelle's guideline range was 360 months' to life imprisonment.

Chappelle objected to the PSR's application of the career offender and armed career criminal enhancements. He argued that his convictions did not qualify as predicate offenses under ACCA or career offender provision in § 4B1.1. The government responded that precedent foreclosed Chappelle's objection, and the district court agreed. The district court sentenced Chappelle to a below-guidelines, 264-month total sentence consisting of (1) a 204-month concurrent sentence of imprisonment on Counts I and III and (2) a consecutive, 60-month term of imprisonment on Count II, followed by five years' supervised release.

## II.   STANDARD OF REVIEW

We review a district court's evidentiary rulings for abuse of discretion. *United States v. Lampley*, 68 F.3d 1296, 1299 (11th Cir. 1995). This Court reviews *de novo* whether a prior conviction qualifies as an ACCA predicate. *United States v. Esprit*, 841 F.3d 1235, 1238 (11th Cir. 2016). Additionally, we review *de novo* a district court's decision to classify a defendant as a career offender under § 4B1.1(a). *United States v. Whitson*, 597 F.3d 1218, 1220 (11th Cir. 2014).

## III.   DISCUSSION

### A.   The District Court Did Not Abuse Its Discretion in Admitting Evidence Related to the THC Lollipop.

Chappelle argues that the district court erred in admitting evidence relating to the THC lollipop that officers found in his vehicle after his arrest.  Specifically, he contends that the district court should have excluded evidence about the lollipop under Federal Rule of Evidence 404(b) because the government offered the evidence only to show his criminal disposition.

Federal Rule of Evidence 404(b) forbids the admission of evidence of another crime, wrong, or act to prove a person's character and show that he acted in conformity with that character.  Fed. R. Evid. 404(b).  Such evidence may, however, be admissible for other purposes, such as proving intent or knowledge. *Id.*  For evidence to be admissible under Rule 404(b),

> (1) it must be relevant to an issue other than defendant's character; (2) there must be sufficient proof to enable a jury to find by a preponderance of the evidence that the defendant committed the act(s) in question; and (3) the probative value of the evidence cannot be substantially outweighed by undue prjejudice, and the evidence must satisfy Rule 403.

*United States v. Edouard*, 485 F.3d 1324, 1344 (11th Cir. 2007).  In evaluating the third prong, we review the evidence in the light most favorable to its admission. *Id.* at 1344 n.8.  The determination of whether the probative value of the evidence is substantially outweighed by unfair prejudice lies within the sound discretion of

6

the district court and requires an assessment of all the circumstances surrounding the extrinsic evidence, including prosecutorial need, the similarity between the extrinsic act and the charged offense, and temporal remoteness.  *United States v. Jernigan*, 341 F.3d 1273, 1282 (11th Cir. 2003).  A limiting instruction to the jury "can diminish any unfair prejudice caused by the evidence's admission."  *United States v. Brown*, 665 F.3d 1239, 1247 (11th Cir. 2011).

Chappelle contends that the district court abused its discretion in admitting evidence about the THC lollipop because the probative value of this evidence was substantially outweighed by the danger of unfair prejudice.  We disagree.

Evidence relating to the THC lollipop satisfies the requirements for admissibility under Rule 404(b).  First, Chappelle's intent to distribute was a relevant issue in the case.  Entering a not guilty plea "makes intent a material issue."  *Edouard*, 485 F.3d at 1345 (internal quotation marks omitted).  Chappelle entered a not guilty plea and made no stipulations to remove intent as a material issue in the case.  Moreover, the district court was not unreasonable in concluding that Chappelle's recorded conversation—in which he stated that he could buy the THC lollipop for $5 and resell it for $20—was relevant in establishing his intent to sell narcotics.

Second, sufficient evidence existed for a reasonable jury to find that Chappelle possessed the lollipop and that it contained THC.  The government

7

submitted the lollipop itself, testimony regarding the lollipop, and a recording of Chappelle acknowledging his possession of it.

Third, the risk of unfair prejudice from the admission of the evidence about the lollipop did not substantially outweigh the evidence's probative value. As discussed above, the evidence carried some probative value: Chappelle's recorded conversation regarding the THC lollipop's potential sale and profitability was relevant to establish his intent to sell drugs. Furthermore, the fact that Chappelle possessed and intended to sell the THC lollipop at the same time that he sold the cocaine and heroin favored admissibility. *See Jernigan*, 341 F.3d at 1282 (finding that the Rule 403 calculus favored admissibility of past convictions where close time span between the past convictions and the charged conduct were "well within the temporal bounds of relevance"). We acknowledge that this evidence was somewhat prejudicial. But the district court mitigated such risk by twice giving the jury limiting instructions as to the proper use of the evidence. Therefore, the district court did not abuse its discretion in allowing the admission of the evidence under Rule 404(b) as evidence of intent to sell narcotics.[2]

---

[2] The government also argues in the alternative that (1) possessing the THC lollipop was inextricably intertwined with the charged conduct and (2) any evidentiary errors were harmless. Because we find admissibility properly supported under Rule 404(b), we need not examine the government's alternative arguments.

**B.    The District Court Did Not Err in Sentencing Chappelle as an Armed Career Criminal and Career Offender.**

Chappelle argues that the district court erred in sentencing him as an armed career criminal under ACCA and as a career offender under § 4B1.1(a). Specifically, he argues that his prior convictions for aggravated assault under Florida law do not qualify as violent felonies under ACCA or crimes of violence under § 4B1.1(a).

Our precedent forecloses Chappelle's arguments.  In *Turner v. Warden, Coleman FCI (Medium)*, 709 F.3d 1328 (11th Cir. 2013), we held that a Florida conviction of aggravated assault under Fla. Stat. § 784.021 categorically qualifies as a violent felony.  Because the terms "violent felony" under ACCA and "crime of violence" under § 4B1.2(a) are "virtually identical," our decision in *Turner* also dictates that a Florida aggravated assault conviction qualifies as a crime of violence under the Sentencing Guidelines.  *See United States v. Alexander*, 609 F.3d 1250, 1253 (11th Cir. 2010) (internal quotation marks omitted).

Although Chappelle is correct that *Turner*'s continued validity has been questioned in light of intervening Supreme Court decisions, our prior precedent rule binds us to follow *Turner*.  *See United States v. Golden*, 854 F.3d 1256, 1256-57 (11th Cir. 2017) ("But even if *Turner* is flawed, that does not give us, as a later panel, the authority to disregard it.").  Recent cases have affirmed *Turner*'s continued validity.  *See, e.g.*, *United States v. Deshazior*, 882 F.3d 1352, 1355

9

(11th Cir. 2018).  Accordingly, the district court did not err in classifying

Chappelle as an armed career criminal under ACCA or a career offender under

§ 4B1.1(a).

## IV.    CONCLUSION

For the foregoing reasons, we affirm the judgment of the district court.

**AFFIRMED.**