[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-14708
Non-Argument Calendar
_____

D.C. Docket No. 3:17-cr-00055-MCR-1

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

DEANGELO O. BLACK,
a.k.a. Deago,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida
_____

(September 28, 2018)

Before WILLIAM PRYOR, JILL PRYOR and ANDERSON, Circuit Judges.

PER CURIAM:

Deangelo Black appeals his 188-month sentence, imposed after he pled guilty to distributing methamphetamine and possessing a firearm.  On appeal, Black argues that the district court procedurally erred in sentencing him by failing to establish the methamphetamine's weight and by enhancing his sentence based on his possession of a firearm in connection with a drug trafficking offense.  After careful review, we affirm in part, and vacate in part, and remand.

## I.    BACKGROUND

An undercover agent purchased 98-99% pure methamphetamine from Black on three occasions in March of 2017:  he purchased 13.27 grams on March 15, 55.15 grams on March 22, and 27.43 grams on March 23.  During the last transaction, Black and the agent also negotiated a deal for the sale of approximately 56 grams of methamphetamine, for which the agent prepaid.  On March 28—five days after their last drug transaction—Black told the agent over the phone that he could orchestrate the sale of two firearms to the agent.  The same day, the agent purchased the firearms from Black.

Based on these transactions, Black was charged with three counts of distributing a controlled substance in violation of 21 U.S.C. § 841(a)(1), and one count of possessing a firearm in violation of 18 U.S.C. § 922(g).[1]  He pled guilty to

---

[1] Black had previously been convicted in Florida of two felonies.  *See* 18 U.S.C. § 922(g)(1) ("It shall be unlawful for any person . . . who has been convicted in any court of, a

2

all charges.  The factual basis for the plea specified the actual weight of methamphetamine involved in the three sales.  The district court accepted Black's plea.

Prior to sentencing, a probation officer prepared a presentence investigation report (PSI).  The PSI specified the weight of the three sales according to the Drug Enforcement Agency's laboratory reports, which aligned with the amounts specified in the plea agreement.  The PSI also stated that Black had agreed to sell the agent 56.7 grams of methamphetamine in the future.  The PSI provided that Black's base offense level was 32.[2]  The PSI applied a two-level enhancement because the offense involved the sale of firearms, and a two-level enhancement for obstruction of justice.

Black objected to the obstruction of justice enhancement and argued that he should be credited for accepting responsibility.  The government agreed with Black that a reduction for acceptance of responsibility was appropriate.  Prior to sentencing, the probation officer amended the PSI, crediting Black with a three-level reduction for acceptance of responsibility.  Based on a total offense level of

---

crime punishable by imprisonment for a term exceeding one year," to "possess in or affecting commerce, any firearm or ammunition . . . .").

[2] United States Sentencing Guidelines § 2D1.1(a)(5) provides a base offense level of 32 for violations of 21 U.S.C. § 841(a)(1) that involve at least 150 grams, but less than 500 grams of methamphetamine (actual).

33, the PSI recommended a guidelines range of 188 to 235 months of imprisonment.

At the sentencing hearing, the district court rejected Black's remaining objection as to the obstruction of justice enhancement. It adopted the guidelines range recommended by the PSI. After listening to the parties' arguments and considering the guidelines and the factors in 18 U.S.C. § 3553(a), the district court sentenced Black to a total of 188 months of imprisonment on the distribution counts and 120 months on the firearm count, to be served concurrently. This is Black's appeal.

## II.    STANDARD OF REVIEW

Because Black raises both of "his objection[s] for the first time on appeal, we review for plain error only." *United States v. Chafin*, 808 F.3d 1263, 1268 (2015). To establish plain error, Black must show that there is an (1) error, (2) that is plain, (3) that affected his substantial rights, and (4) that seriously affected the fairness, integrity, or public reputation of judicial proceedings. *United States v. Lejarde-Rada*, 319 F.3d 1288, 1290 (11th Cir. 2003).

## III.    DISCUSSION

### A.    The District Court Did Not Plainly Err in Sentencing Black Based on the Drug Quantities Provided in the PSI.

Black argues that the district court plainly erred in relying on the weight of methamphetamine as set forth in the PSI. A sentencing court's findings of fact

4

"may be based on evidence heard during trial, facts admitted by a defendant's plea of guilty, undisputed statements in the presentence report, or evidence presented at the sentencing hearing." *United States v. Wilson*, 884 F.2d 1355, 1356 (11th Cir. 1989). "When a defendant challenges one of the factual bases of his sentence . . . the Government has the burden of establishing the disputed fact by a preponderance of the evidence." *United States v. Sepulveda*, 115 F.3d 882, 890 (11th Cir. 1997) (alteration in original) (internal quotations omitted). But if the defendant fails to object to the facts contained in the PSI, "he is deemed to have admitted those facts." *United States v. Bennett*, 472 F.3d 825, 833-34 (11th Cir. 2006).

The district court did not err in relying on the total weight of methamphetamine set forth in the PSI. On appeal, Black argues that the weight of the methamphetamine may have included the weight of its packaging, contrary to the Sentencing Guidelines, which instruct that a substance's weight "does not include materials that must be separated from the controlled substance before the controlled substance can be used." U.S.S.G. § 2D1.1(c) n.1. But because Black failed to object to the calculation of the drug's weight during sentencing, he admitted to the drug quantities as specified in the PSI. *See United States v. Williams*, 438 F.3d 1272, 1274 (11th Cir. 2006) (explaining that the defendant's failure to contest the drug quantity as stated in the PSI "constituted an admission of

that quantity"). Furthermore, Black admitted in his plea agreement that he sold methamphetamine in the same quantities as those stated in the PSI. Because the district court committed no error, it did not plainly err in calculating Black's sentence based on the weight of methamphetamine specified in the PSI.

**B.    The District Court Plainly Erred by Applying a Two-Level Enhancement for Possession of a Firearm.**

Black argues that the district court plainly erred by enhancing his sentence based on his possession of a firearm in relation to a drug trafficking crime. The government concedes that the district court erred and that the error affected Black's substantial rights.[3] The Sentencing Guidelines provide a two-level enhancement where the defendant possessed a firearm in relation to a crime involving trafficking of illegal drugs. U.S.S.G. § 2D.1.1(b)(1). "The government bears the initial burden of showing, by a preponderance of the evidence, that a firearm was 'present' at the site of the charged conduct or that the defendant possessed it during conduct associated with the offense of conviction." *United States v. George*, 872 F.3d 1197, 1204 (11th Cir. 2017). To meet its burden, the government must show that the firearm had "some purpose or effect with respect to the drug trafficking crime" and was not merely present by "accident or coincidence." *Id.* (internal quotation marks omitted). If the government meets its

---

[3] "'Confessions of error are, of course, entitled to and given great weight, but they do not relieve this Court of the performance of the judicial function.'" *United States v. Esprit*, 841 F.3d 1235, 1237 n.1 (11th Cir. 2016) (quoting *Sibron v. New York*, 392 U.S. 40, 58 (1968)).

6

burden, the defendant "must demonstrate that a connection between the weapon and the offense was 'clearly improbable.'" *United States v. Stallings*, 463 F.3d 1218, 1220 (11th Cir. 2006).

As for the first two prongs of the plain error test, the district court committed an error that was plain because there was no evidence that Black possessed a firearm during any of the methamphetamine transactions. The PSI stated that the enhancement applied because the offense involved Black's selling of firearms. But the transaction involving firearms took place on March 28—five days after the last of the three methamphetamine sales. We thus agree with the government that the record clearly establishes that "the firearms sold on March 28, 2017, were not related to the methamphetamine sold earlier in the month," and that the government thus failed to meet its burden to show that Black possessed a firearm during the narcotic transactions. Appellee's Br. at 15. Because this error is "obvious and . . . clear under current law," the first two prongs of the plain error test are satisfied. *United States v. Lange*, 862 F.3d 1290, 1296 (11th Cir. 2017), *cert. denied*, 138 S. Ct. 488 (2017) (internal quotation marks omitted).

Turning to the third prong of the plain error test, we agree with Black and the government that the error affected Black's substantial rights. To demonstrate that an error harmed a defendant's substantial rights, the defendant must generally "show a reasonable probability that, but for the error, the outcome of the

7

proceeding would have been different." *Molina-Martinez v. United States*, 136 S. Ct. 1338, 1343 (2016) (internal quotation marks omitted).  As the Supreme Court has explained, when a defendant is sentenced under an incorrect guidelines range, "the error itself can, and most often will, be sufficient to show a reasonable probability of a different outcome absent the error" regardless of whether the defendant's ultimate sentence falls within the correct range.  *Id*. at 1345.  Here, without the incorrectly applied two-level enhancement, Black would have had a total offense level of 31—rather than 33—resulting in a lower guidelines range. Black's substantial rights were thus impacted by the error.

Finally, under the fourth prong of plain error review, "the plain error at sentencing seriously affected the fairness, integrity or public reputation of judicial proceedings." *United States v. Shelton*, 400 F.3d 1325, 1333 (11th Cir. 2005) (alteration adopted) (internal quotation marks omitted).  The 188-month sentence the district court chose "is conspicuous for its position as the lowest sentence within what [it] believed to be the applicable range." *Molina-Martinez* at 1347. But under the correct guidelines range, the minimum sentence would be 151 months.  We thus conclude that this error affected the "fairness, integrity or public reputation of judicial proceedings." *Cf. Shelton*, 400 F.3d at 1333 (holding that the fourth prong of the plain error test was satisfied where the district court indicated

8

an express desire to sentence the defendant below the guidelines range, but incorrectly believed that it could not do so).

## IV.    CONCLUSION

For the foregoing reasons, we affirm in part, vacate in part, and remand.

**AFFIRMED IN PART**; **VACATED IN PART, AND REMANDED.**